B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> CARMELO HERNANDEZ ALFARO | **DEFENDANTS** <br> FIRSTBANK PUERTO RICO |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> THE BATISTA LAW GROUP, PSC <br> 421 AVE. LUIS MUNOZ RIVERA, OFICINA 901 <br> SAN JUAN, PR  00918 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> X Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> X Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
VALUATION OF COLLATERAL AND CRAMDOWN

### NATURE OF SUIT

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

Other
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>CARMELO HERNANDEZ ALFARAO | BANKRUPTCY CASE NO.<br>12-06652 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>PUERTO RICO | | DIVISION OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>CARMELO HERNANDEZ ALFARO | DEFENDANT<br>FIRSTBANK PUERTO RICO | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>PUERTO RICO | | DIVISION OFFICE<br>BK | NAME OF JUDGE<br>ESL |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>DECEMBER 17, 2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JESUS E. BATISTA SANCHEZ | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| In re: | ) | Case No. 12-06652 |
| | ) | |
| CARMELO HERNANDEZ ALFARO | ) | |
| | ) | |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | |
| | ) | |
| CARMELO HERNANDEZ ALFARO | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. Pro No |
| | ) | |
| FIRSTBANK PUERTO RICO | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT TO VALUE COLLATERAL AND DETERMINE SECURED STATUS OF CREDITOR

**TO THE HONORABLE COURT:**

The Debtors/Plaintiffs, **CARMELO HERNANDEZ ALFARO** (hereinafter, **"PLAINTIFF"**), hereby file this Complaint against **FIRSTBANK PUERTO RICO** (hereinafter, **"DEFENDANT"**) to Value Collateral and Determine Secured Status of Creditors and further alleges as follows:

### INTRODUCTION

1. Section 506 (a) (1) of the Bankruptcy Code provides that a creditor's claim secured by a lien is a secured claim to the extent of the value of such collateral. Additionally, Section 1322(b)(2) states that Debtor's Chapter 13 Plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property which is Debtor's

primary residence. DEFENDANT is a claimant in Debtor's underlying Chapter 13 Case, whose claim may be secured by property that is not ONLY Debtor's primary residence. Accordingly, this Adversary Proceeding under Rule 7001-2 of the Bankruptcy Rules of Procedure seeks to determine the value of collateral that secures DEFENDANT's claim. Additionally, this Adversary Proceeding seeks to determine the secured and unsecured portions of DEFENDANT's claim.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to the provisions 28 U.S.C. §§ 157 (a)(b)(1) and 1334 in as much as this proceeding arises in and is related to the above captioned Chapter 13 case and concerns property of the Debtor. This is a core proceeding.

3. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §§ 1408 and 1409, in that the underlying Chapter 13 Case is pending before this Court, to wit: *In re: Carmelo Hernandez Alfaro, 12-06652 ESL.*

## PARTIES

4. The PLAINTIFF is the Debtor in the Chapter 13 Case.

5. DEFENDANT is a corporation duly organized under the laws of the Commonwealth of Puerto Rico, with legal standing to sue and be sued. Upon information and belief, DEFENDANT is the owner and holder of the purchase money security interest.

## FACTS

6. On August 24, 2012, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, Case Number 12-06652 (the "Chapter 13 Case").

7. Debtors owns interest to certain 2007 Hyundai Accent (hereinafter, the "PROPERTY").

8. Upon information and belief, Debtors' interest to the PROPERTY is subject to an alleged lien in the favor of DEFENDANT.

9. On September 10, 2012, DEFENDANT filed Proof of Claim 5-1 in the instant case. Claim 5-1 was filed as a secured claim in the amount of $11,935.30 (the "CLAIM")

10. That on or prior to June 10, 2011, more than one year prior to the filing of Debtor's August 24, 2012 Bankruptcy Petition, Debtor purchased from Bob and Mike Auto Sales, Inc. the PROPERTY.

11. That the PROPERTY was purchased via a conditional sales contract, which, after down-payment totaled $9,894.00.

12. That on or prior to June 10, 2011, more than one year prior to the filing of Debtor's August 24, 2012 Bankruptcy Petition, Debtor purchased from an unrelated insurance company, OTHER THAN Bob and Mike Auto Sales, Inc., an unrelated insurance policy (the "INSURANCE POLICY").

13. That the INSURANCE POLICY was purchased via unsecured credit which totaled $4,196.00.

14. That the purchase of the INSURANCE POLICY was not required in order to purchase the PROPERTY.

15. That the purchase of the INSURANCE POLICY was not required in order to finance the purchase of the PROPERTY.

16. That on June 10, 2011, FirstBank engaged in a transaction to satisfy Bob and Mike Auto Sales, Inc.'s conditional sales contract in the amount of $9,894.00 and satisfy the unrelated insurance company's unsecured credit in the amount of $4,196.00.

17. That to satisfy the amounts owed to Bob and Mike Auto Sales, Inc. and the unrelated insurance company, DEFENDANT drafted separate and district checks; one to Bob and Mike Auto Sales, Inc. in the amount of $9,894.00 and a different check to the unrelated insurance company in the amount of $4,196.00.

18. That the June 10, 2011 transaction resulted in a financing agreement of even date, June 10, 2011, in the amount of $14,090.00 (including other fees and costs)(the "Financing Agreement").

19. That as a result of the June 10, 2011 transaction, more than 40% of the amount owed by Debtor pursuant to the Financing Agreement is related to DEFENDANT refinanced of the INSURANCE PREMIUM purchased on unsecured credit.

20. That the Insurance Premium was not an expense directly related to the purchase of the Property.

21. That the Insurance Premium was not an expense incidental to the purchase of the Property.

22. That DEFENDANT'S CLAIM rests on the June 10, 2011 Financing Agreement.

23. That, upon information and belief, the value of the PROPERTY is $6,125.00.

24. That at the time of the filing of this case, the value of Debtor's Interest in the PROPERTY was $6,125.00.

25. That pursuant to the value of Debtor's Interest in the PROPERTY the CLAIM against the estate is partially unsecured.

26. That the purpose of this Adversary Proceeding to Value Collateral and Determine the Secured Status of Creditors is to: a. value Debtor's Interest in the PROPERTY; b. pursuant to 11 U.S.C. § 506 have the Court enter an Order fixing the value of Debtor's Interest in the

PROPERTY as of the Petition Date, c.to have the Court enter an Order determining that any timely filed Proof of Claim by DEFENDANT is partially unsecure.

## COUNT I

### VALUATION AND CRAMDOWN PURSUANT TO § 506(a) & 1322(b)(2) WITH RESPECT TO THE PROPERTY

27. The allegations in paragraph 1-27 above are re-alleged and incorporated herein by this reference.

28. That as of the Petition Date Debtor owns interest over the PROPERTY.

29. That as of the Petition Date, the PROPERTY, which is in average conditions, in its totality, had a just market value of $6,125.00.

30. That Debtor's ownership right over the PROPERTY totals $6,125.00.

31. That DEFENDANT may allege a claim in the amount of $11,935.30.

32. That pursuant to 11 U.S.C.§ 506(a), DEFENDANT's CLAIM is partially unsecured.

33. That pursuant to 11 U.S.C. § 1322(d)(2), DEFENDANT is a claimant in Debtor's underlying Chapter 13 Case, whose CLAIM is secured by property that is not **ONLY** Debtor's Principal residence.

34. Tha pursuant to 11 U.S.C. § 1325(a)(9), DEFENDANT **IS NOT** a creditor who has a purchase money security interest securing the debt that is the subject of the Claim.

35. That the allowed secured claim of DEFENDANT should be $6,125.00 in as much as it is partially unsecured.

36. That DEFENDANT's allowed general unsecured claim should be $5,810.30 or any other amount in excess of $6,125.00 that may be set forth in any timely filed and properly documented claim.

**WHEREFORE**, Plaintiff, respectfully request this Honorable Court enter an Order as follows:

a) Determining the value of Debtor's Interest in the PROPERTY to be $6,125.00;

b) Determining that the Allowed Secured Claim of DEFENDANT as to the PROPERTY is $6,125.00;

c) Determining that the Allowed General Unsecured Claim of DEFENDANT should be $5,810.30 or any other amount IN EXCESS OF $6,125.00 set forth in any timely filed and properly documented Proof of Claim;

d) Determining that DEFENDANT'S claim, liens, encumbrances, and/or any other claims or interest against the PROPERTY, whether recorded, registered, or perfected that encumbers the PROPERTY will be discharged upon the successful completion of this Chapter 13 Plan.

e) Granting any such further relief that this Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico this 17th day of January, 2013.

JESUS E. BATISTA SANCHEZ
USDC. NO. 227014

**THE BATISTA LAW GROUP, PSC**
CONDOMINIO MIDTOWN CENTER
421 Ave. Munoz Rivera, Suite #901
San Juan, P.R. 00918
Telephone: (787) 620-2856
Facsimile: (787) 777-1589
E-mail: jesus.batista@batistalawgroup.com